IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

MARGIE STEWART, Wrongful Death Beneficiary
and on Behalf of All Other Wrongful Death
Beneficiaries of CARLEE LOGAN, DECEASED                    PLAINTIFF

VS.                                Civil Action No. 5:08-cv-270(DCB)(JMR)

GLENBURNEY HEALTHCARE, LLC a/k/a
GLENBURNEY NURSING HOME; EUGENE CARTER,
Individually and in his capacity as an
employee of GLENBURNEY NURSING HOME; and
JOHN and JANE DOES 1-10                                    DEFENDANTS

<u>MEMORANDUM OPINION AND ORDER</u>

This cause is before the Court on the plaintiff, Margie Stewart ("Stewart")'s motion to remand **(docket entry 4)**. Having carefully considered the motion and response, the memoranda and applicable law, and being otherwise fully advised in the premises, the Court finds as follows:

This action was filed by the plaintiff in the Circuit Court of Adams County, Mississippi, on June 16, 2008. An amended complaint was filed on July 14, 2008, and process was served on defendant Glenburney Healthcare, LLC ("Glenburney"), on July 28, 2008. On August 26, 2008, Glenburney filed its notice of removal to this Court, alleging diversity jurisdiction. Although defendant Eugene Carter (whose last name, the parties agree, is not "Carter" but "Prater") is a non-diverse defendant, Glenburney alleges that Prater has been improperly joined. In her motion to remand, the plaintiff asserts that Prater has not been improperly joined and

that the case must be remanded to state court.

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed ... to the district court of the United States for the district and division embracing the place where such action is pending." The removing party has the burden of proving that the federal court has jurisdiction to hear the case. <u>Jernigan v. Ashland Oil, Inc.</u>, 989 F.2d 812, 815 (5th Cir. 1993).

Glenburney's notice of removal asserts that this Court has removal jurisdiction based on diversity of citizenship. Under 28 U.S.C. § 1441(b), suits not arising under federal law are removable "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." Diversity of citizenship jurisdiction requires satisfaction of the following two factors: (1) amount in controversy;[1] and (2) diversity of citizenship. 28 U.S.C. § 1332(a). If none of the non-diverse defendants have been properly joined, the properly joined diverse defendants may remove to

---

[1] The plaintiff's amended complaint asks for an unspecified amount of damages. However, this is a wrongful death action in which the plaintiff seeks compensatory damages for medical expenses, physical pain and suffering, emotional and mental anguish, loss of enjoyment of life, physical injuries, and disfigurement. The plaintiff does not dispute that the amount in controversy exceeds $75,000. The Court finds that it is facially apparent from the amended complaint that the amount in controversy exceeds $75,000, given the nature of the plaintiff's claims; therefore, the amount in controversy requirement of § 1332(a) is met.

2

federal court under the doctrine of "improper joinder." Smallwood v. Illinois Cent. R.R. Co., 385 F.3d 568, 573 (5th Cir. 2004)(en banc).[2]

The removing party has the burden of proving improper joinder. Laughlin v. Prudential Insurance Co., 882 F.2d 187, 190 (5th Cir. 1989). To establish improper joinder, the removing party must prove: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the Plaintiff to establish a cause of action against the non-diverse party in state court." Travis v. Irby, 326 F.3d 644, 647 (5th Cir. 2003)(citing Griggs v. State Farm Lloyds, 181 F.3d 694, 698 (5th Cir. 1999)). Glenburney asserts only the second method as its basis for removal.

The Fifth Circuit has defined the standard by which a plaintiff's claims must be analyzed to determine the improper joinder question under the second method of proof. In Smallwood, the en banc court adopted the test articulated in Travis to the exclusion of all others, "whether the others appear to describe the same standard or not." Smallwood, 385 F.2d at 573. That test is:

> whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant.

---

[2] Prior to the Fifth Circuit Court of Appeals' decision in Smallwood, the term "fraudulent joinder" was used in this circuit. There is no substantive difference between the terms "improper joinder" and "fraudulent joinder." Id. at 571 n.1.

3

Id. (citing Travis, 326 F.3d at 648). "A 'mere theoretical possibility of recovery under local law' will not preclude a finding of improper joinder." Id. at 573 n.9 (citing Badon v. RJR Nabisco, Inc., 236 F.3d 282, 286 n.4 (5th Cir. 2000)).

There are two ways a district court may resolve the issue:

> The court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant. Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder. That said, there are cases, hopefully few in number, in which a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder. In such cases, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry.

Id. at 573 (footnotes omitted). The court further explained:

> While the decision regarding the procedure necessary in a given case must lie within the discretion of the trial court, we caution that a summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant.

Id. at 573-74.

> For example, the in-state doctor defendant did not treat the plaintiff patient, the in-state pharmacist defendant did not fill a prescription for the plaintiff patient, a party's residence was not as alleged, or any other fact that easily can be disproved if not true.

Id. at 574 n.12 (citing Irby, 326 F.3d at 648-49).

> In this inquiry, the motive or purpose of the joinder of in-state defendants is not relevant. We emphasize that any piercing of the pleadings should not entail substantial hearings. Discovery by the parties should not be allowed except on a tight judicial tether, sharply tailored to the question at hand, and only after a showing of its necessity. Attempting to proceed beyond

4

>     this summary process carries a heavy risk of moving the
>     court beyond jurisdiction and into a resolution of the
>     merits, as distinguished from an analysis of the court's
>     diversity jurisdiction by a simple and quick exposure of
>     the chances of the claim against the in-state defendant
>     alleged to be improperly joined.  Indeed, the inability
>     to make the requisite decision in a summary manner itself
>     points to an inability of the removing party to carry its
>     burden.

Id. at 574.

Also in Smallwood, the Fifth Circuit carved out a narrow and limited exception to the doctrine of improper joinder, where the basis for improper joinder goes to the entire case, i.e., "to the merits of the action as an entirety, and not to the joinder." Id. at 575. In such circumstances, "[a] showing that the plaintiff's case is barred as to all defendants is not sufficient [to establish improper joinder]." Id. Thus,

>     [w]hen the only proffered justification for improper
>     joinder is that there is no reasonable basis for
>     predicting recovery against the in-state defendant, and
>     that showing is equally dispositive of all defendants
>     rather than to the in-state defendants alone, the
>     requisite showing has not been made."

Id.

In its notice of removal, Glenburney alleges that at the time Carlee Logan was a resident at Glenburney Nursing Home, Prater served as an admissions coordinator. It also asserts that the plaintiff fails to make any specific allegations against Prater. On the other hand, Stewart, in support of her motion to remand, claims that Prater was "integrally involved" in an "agreement to properly care for Carlee Logan" and in the "[d]efendants' negligent

5

failure to do so." Plaintiff's Memorandum, p. 3. She also asserts that she "has alleged direct involvement by Defendant Prater ... in the injuries suffered by Carlee Logan." Plaintiff's Memorandum, p. 6.

In determining whether there is a reasonable basis for the plaintiff to recover against an in-state defendant, the Court evaluates all factual allegations in the plaintiff's pleadings and all ambiguities in the controlling state law in the light most favorable to the plaintiff. Guillory v. PPG Industries, Inc., 434 F.3d 303, 308 (5th Cir. 2005). The plaintiff's burden is "much lighter" in moving for remand than in responding to a motion for summary judgment. B., Inc. v. Miller Brewing Co., 663 F.2d 545, 550 (5th Cir. 1981). This is because there need only be "a reasonable basis for predicting that the state law might impose liability on the facts involved" in order for the case to be remanded. Id. In addition, the federal removal statutes are construed "strictly against removal and for remand." Eastus v. Blue Bell Creameries, L.P., 97 F.3d 100, 106 (5th Cir. 1996).

Whether the plaintiff states a cognizable claim against an in-state defendant is determined by reference to the allegations made in the plaintiff's original pleadings. Smallwood, 385 F.3d at 573. The plaintiff's amended complaint contains claims of "negligent hiring," "failure to supervise," "failure to train," "failure to diagnose, monitor, intervene, assess and/or treat in a timely

manner," "negligence," "injury to an elderly person," and "negligent infliction of emotional and mental distress." Amended Complaint, ¶¶ 23-58. However, the only factual allegations concerning defendant Prater are that he is "an adult resident of Mississippi," and "an employee of defendant Glenburney." Amended Complaint, ¶ 4.

Under Mississippi's law of agency, an agent is generally not personally liable for torts committed by his principal. Vestal v. Oden, 500 So.2d 954, 957 (Miss. 1987). However, an agent will be "subject to personal liability when he 'directly participates in or authorizes the commission of a tort.'" Hart v. Bayer Corp., 199 F.3d 239, 247 (5th Cir. 2000)(quoting Mississippi Printing Co., Inc. v. Maris, West & Baker, Inc., 492 So.2d 977, 978 (Miss. 1986)). In other words, "an agent for a disclosed principal can be held personally liable for his own tortious acts committed within the scope of his employment." Id. (citing Wheeler v. Frito-Lay, Inc., 743 F.Supp. 483, 487 (S.D. Miss. 1990)(holding that the plaintiff stated a possible claim against an employee-driver for negligent driving within the scope of his employment)).

The question for this Court is whether the plaintiff has stated a viable claim, recognized under the laws of Mississippi, against defendant Prater. In other words, the Court must determine if there is any reasonable basis for predicting that the plaintiff might be able to establish that Prater directly participated in or

7

authorized the commission of a tort.  The burden is on Glenburney to show that there is no reasonable basis for making such a prediction.

"'[D]irect participation' does not necessarily mean 'hands-on participation' in the tortious act itself." Hill v. Beverly Enterprises-Mississippi, Inc., 305 F.Supp.2d 644, 648 (S.D. Miss. Oct. 31, 2003).  A corporate agent who is centrally involved in the negligent execution of managerial duties that allegedly result in a plaintiff's injury can be liable, regardless of his status within the corporation.  However, "peripheral involvement" is not sufficient.  The agent must have been "'the "guiding spirt" behind the wrongful conduct ... or the "cental figure" in the challenged corporate activity.'" Mozingo v. Correct Manuf. Corp., 752 F.2d 168, 174 (5th Cir. 1985)(applying Mississippi law)(quoting Escrude Cruz v. Ortho Pharmaceutical Corp., 619 F.2d 902, 907 (1st Cir. 1980)).

In this case, as Glenburney points out, the plaintiff has not alleged any specific acts of negligence on the part of Prater.  The plaintiff insists that she has alleged "direct involvement" by Prater in the injuries suffered by Carlee Logan, yet she claims to have done this by referring to "the Defendants in the plural, therefore referring to all Defendants originally named as parties to the suit, as well as all parties subsequently added to the Complaint." Plaintiff's Memorandum, p. 4.  However, the plaintiff

8

offers no factual narrative, nor any specific allegations of individual wrongdoing implicating Prater personally. "Where the plaintiff's complaint is devoid of any <u>factual</u> allegations suggesting a basis for recovery against a particular defendant, there can be no ground for concluding that a claim has been stated." <u>Doe v. Cloverleaf Mall</u>, 829 F.Supp. 866, 870 (S.D. Miss. 1993)(emphasis in original). Therefore, the "failure to specify a factual basis for recovery" against a non-diverse defendant constitutes improper joinder. <u>Addison v. Allstate Ins. Co.</u>, 58 F.Supp.2d 729, 732 (S.D. Miss. 1999).

In addition, Glenburney has produced Prater's affidavit, which states, in part:

> My employment with Glenburney Healthcare, LLC, as Admissions Co-ordinator during Carlee Logan's residency was limited solely to the administrative duties of admitting new residents to Glenburney. I do not have direct, personal participation in the care given to the residents and did not have direct, personal participation in the care given to Carlee Logan at Glenburney. Also, I never "supervised" anyone at Glenburney during the time of Carlee Logan's residency and specifically never supervised anyone who was providing hands on care to Carlee Logan.
>
> Furthermore, during my employment at Glenburney I have never been involved in the hiring and training of employees.

Prater Affidavit, ¶¶ 3-4.

Stewart offers nothing to refute Prater's affidavit. In fact, she has not filed any rebuttal whatsoever. The affidavit is therefore uncontested, and provides additional grounds for a

finding of improper joinder.  The heavy burden placed upon a removing defendant to establish improper joinder does not mean that the Court must blindly accept a plaintiff's hypothetical allegations which lack a factual basis.  The plaintiff does not offer any basis for recovery against Prater, and her motion to remand is therefore without merit.

Because the individual defendant Eugene Prater was improperly joined, and because the amount in controversy requirement has been satisfied, the Court finds that federal subject matter jurisdiction pursuant to 28 U.S.C. § 1332 exists.  The plaintiff's motion to remand shall therefore be denied.  This Court further finds that since the plaintiff has failed to state a claim against defendant Prater, he shall be dismissed from this action with prejudice. Accordingly,

IT IS HEREBY ORDERED that the plaintiff, Margie Stewart's motion to remand **(docket entry 4)** is DENIED;

FURTHER ORDERED that the defendant Eugene Prater (spelled "Carter" in the Amended Complaint) is hereby dismissed from this action with prejudice.

SO ORDERED, this the 22nd day of December, 2008.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE